# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2013

Lyle W. Cayce
Clerk

No. 12-50385
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR MANUEL CRUZ-RASCON, also known as Cesar Cruz-Razon,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-3046-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Cesar Manuel Cruz-Rascon (Cruz) was sentenced to a 46-month term of imprisonment following his guilty plea to illegal reentry following removal. *See* 8 U.S.C. § 1326. Cruz argues that his within-guidelines sentence is unreasonable because it is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a). He contends that the Sentencing Guidelines failed to account for the nonviolent nature of his illegal reentry offense and his benign

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motives for reentry and that his cultural assimilation and his inability to obtain fast-track relief rebut any presumption of reasonableness that may apply.

Because Cruz does not challenge the procedural reasonableness of his sentence, this court's review is limited to a consideration of the substantive reasonableness of the sentence. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007); *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). This court need not determine whether plain error review is appropriate because Cruz's arguments are unavailing even under the abuse-of-discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Cruz's 46-month sentence is within the properly calculated guidelines range of 46 to 57 months of imprisonment and is accorded a rebuttable presumption of reasonableness. *See United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008); *Rita v. United States*, 551 U.S. 338, 347 (2007). The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). As Cruz acknowledges, his argument that the presumption of reasonableness should not be applied to a sentence calculated under U.S.S.G. § 2L1.1 because the Guideline is not empirically grounded is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

The district court made an individualized assessment to determine whether a sentence within the guidelines range was sufficient but not greater than necessary to achieve the goals of § 3553(a). *See Gall*, 552 U.S. at 50. Cruz's argument that his inability to obtain fast-track relief rebuts the presumption of reasonableness is unavailing. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-64 (5th Cir. 2008). This court has rejected the argument that the Guidelines overstate the seriousness of illegal reentry because it is a nonviolent

international trespass offense. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Cruz has not shown that his sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors. *See Cooks*, 589 F.3d at 186. Mere "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Because Cruz has not shown error, plain or otherwise, the judgment of the district court is AFFIRMED.